UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:10CR00061 |
| | ) | Judge Nixon |
| NAQUAN DANIEL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE CONSISTING OF $79,929.25 MONEY JUDGMENT

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea to Counts Two through Thirteen of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B), Defendant Naquan Daniel Smith shall forfeit to the United States his interest in $79,929.25 in United States currency ("Subject Property") and substitute assets if such currency could not be located. This Court has determined that the proceeds of the violation of which Defendant was convicted are $79,929.25.

2. The Court has determined, based on defendant's plea of guilt and the statement of facts provided at the plea hearing in which the defendant did not oppose the forfeiture, that the Government has established by a preponderance of the evidence the requisite nexus between the Subject Property and the offense to which the defendant has pled guilty.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Pursuant to 18 U.S.C. § 982, defendant shall forfeit to the United States the sum of $79,929.25 and, by virtue of this Order, a personal Money Judgment in that amount shall enter

against the defendant. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture and Money Judgment in the amount of $79,929.25 shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5. Neither the United States through the exercise of due diligence or the defendant have, as of this date, identified specific assets that were derived from the $79,929.25 in proceeds attributable to the offenses for which Defendant has been convicted. Nor has the United States or the defendant yet identified any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p). Therefore, as a result of an act or omission of the defendant, said proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to or deposited with a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been co-mingled with other property which cannot be divided without difficulty. Therefore, the government may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture and Money Judgment to substitute property having a value not to exceed $79,929.25 to satisfy the money judgment in whole or in part.

6. This judgment against Defendant Naquan Daniel Smith shall be recorded in the records of the County Clerk's Office in the county of the defendant's residence and any and all other counties in which the defendant has either real or personal property as a lien thereon in the amount of $79,929.25 plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the government.

7. Upon the payment of the judgment in full, that the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed.

8. This Order is in continuing and full effect until payment of the $79,929.25 is made in full.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 3rd day of November, 2010.

_____
JUDGE NIXON
UNITED STATES DISTRICT JUDGE